JS 44    (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

WILLIAM "ALEX" ROUSE

**(b)** County of Residence of First Listed Plaintiff    STOKES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael J. O'Neill, Esq.
Fellerman & Ciarimboli Law, P.C. 183 Market St., Ste 200, Kingston, PA 18704  T: (570) 718-1444

## DEFENDANTS

HARLEY-DAVIDSON INC., et al.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☒ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Defective motorcycle resulting in crash

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
04/01/2020

SIGNATURE OF ATTORNEY OF RECORD
S/ MICHAEL J. O'NEILL

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| WILLIAM "ALEX" ROUSE<br><br>                              Plaintiff<br><br>v.<br><br>HARLEY-DAVIDSON,INC.;<br>HARLEY DAVIDSON MOTOR CO.,<br>INC.; HARLEY-DAVIDSON MOTOR<br>COMPANY GROUP, INC.; HARLEY-<br>DAVIDSON   MOTOR   COMPANY<br>OPERATIONS,   INC.;   HARLEY-<br>DAVIDSON   MOTOR   COMPANY,<br>INC.; HARLEY-DAVIDSON MOTOR<br>COMPANY;   and   HARLEY-<br>DAVIDSON MOTOR CO.,<br>                              Defendants | CIVIL ACTION – LAW<br><br>JURY TRIAL DEMANDED<br><br>NO. |

AND NOW COMES the Plaintiff, William "Alex" Rouse, by and through his

legal counsel, Fellerman & Ciarimboli Law, P.C., to hereby complain against the

Defendants (collectively "Defendants"), as follows:

## INTRODUCTION

1. This is an action for damages against HARLEY-DAVIDSON, INC.; HARLEY DAVIDSON MOTOR CO., INC.; HARLEY-DAVIDSON MOTOR COMPANY GROUP, INC.; HARLEY-DAVIDSON MOTOR COMPANY OPERATIONS, INC.; HARLEY-DAVIDSON MOTOR COMPANY, INC.; HARLEY-DAVIDSON MOTOR COMPANY; and HARLEY-DAVIDSON MOTOR CO., hereinafter collectively referred to as "Harley-Davidson" and/or "Defendants." The allegations. Claims and theories of recovery relate to the Defendants' design, manufacture, assembly, sale, testing, marketing, labeling, advertising, promotion and/or distribution of its motorcycles, specifically its touring model known as [Electra Glide Classic FLT] hereinafter "Electra Glide Classic" or "Electra Glide."

2. This type of motorcycle and other Harley Davidson touring model bikes are known to have a propensity to develop a "wobble" or "weave" at normal highway speeds and under conditions a rider might normally expect to find when driving on a highway and/or roadway (the Harley-Davidson wobble); this Harley-Davidson wobble is associated with, and cause, and increased risk for serious injury and/or death.

3. Prior to the action which is the subject of this lawsuit, Harley-Davidson knew or had reason to know about the wobble or weave associated with its Electra

Glide motorcycle for it had received numerous complaints about persons having been injured or killed as a result of the Harley-Davidson wobble.

4. At all times relevant to this action, Harley-Davidson intentionally, recklessly, and/or negligently failed to act as to the known wobble or weave events, injuries and deaths associated with its Electra Glide motorcycles and/or failed to warn about and concealed, suppressed, omitted, and/or misrepresented the risks, dangers, defects and disadvantages of its motorcycle.

5. At all times relevant to this action, Harley-Davidson intentionally, recklessly, and/or negligently advertised, labeled, promoted, marketed, sold and/or distributed its Electra Glide Classic as a safe, family model, motorcycle when in fact Defendants had reason to know, and/or did know, that its motorcycle was not safe for its intended purpose and that the Harley-Davidson wobble associated with its Electra Glide model bikes caused serious injury and death.

## **PARTIES**

6. Plaintiff, William "Alex" Rouse ("Alex" or "Plaintiff") is a competent adult individual who is a citizen and resident of Pitt County, North Carolina and resides at 1996 Worthington Warren Road, Stokes, North Carolina.

7. Defendants, HARLEY-DAVIDSON, INC.; HARLEY DAVIDSON MOTOR CO., INC.; HARLEY-DAVIDSON MOTOR COMPANY GROUP, INC.; HARLEY-DAVIDSON MOTOR COMPANY

OPERATIONS, INC.; HARLEY-DAVIDSON MOTOR COMPANY, INC.;

HARLEY-DAVIDSON MOTOR COMPANY; and HARLEY-DAVIDSON

MOTOR CO.; are all entities organized and existing under the laws of the

State of Wisconsin, that collectively conduct business under the assumed

name of Harley-Davidson Motor Company (collectively "Harley Davidson"

or "Defendants"), and these Defendants acting in concert with one another

designed, developed, tested, manufactured, assembled, advertised, labeled,

promoted, marketed and sold the Motorcycle for use by the general public,

including  Plaintiff.

## JURISDICTION AND VENUE

8. This Honorable Court has subject matter jurisdiction over this action

   pursuant to 28 U.S.C. §1332 because (a) there is complete diversity of

   citizenship between Plaintiff and Defendants; and (b) the matter in

   controversy exceeds the jurisdictional limit.

9. This Honorable Court is the appropriate venue under 28 U.S.C. §1391(b)(3).

## FACTUAL BACKGROUND

10. Defendants Harley-Davidson designs, develops, tests, manufactures,

    assembles, advertises, labels, promotes, markets and sells motorcycles for

    civilian and police use.

11. One of the motorcycles designed, developed, tested, manufactured, assembled, advertised, labeled, promoted, marketed and sold by Harley Davidson is known as the "Electra Glide."

12. This type of motorcycle is known to have a propensity to develop a "wobble" or a "weave" at normal speeds and under conditions one would normally expect to find in highway driving (the 'Harley-Davidson Wobble').

13. This dangerous propensity is well-known to Harley-Davidson for it has received numerous complaints about persons being injured or killed as a result of the Harley-Davidson Wobble.

14. This dangerous propensity of its motorcycles is so well-known to Defendants that Harley-Davidson has begun issuing instructions advising its customers on how to deal with the Harley-Davidson Wobble when it occurs. Harley-Davidson instructs its customers that when the wobble occurs, they should relax their grip on the handlebars, not apply brakes and wait until the wobble ends.

15. Harley Davidson has advised its customers that if these instructions are followed, these motorcycles may be safely used.

16. However, Harley Davidson's instructions are only useful if the Harley-Davidson Wobble occurs under certain circumstances, such as where the rider has enough room to allow the wobble to self-correct. If the Harley

Davidson Wobble occurs when the motorcycle is in traffic or in a curve, or both, it can cause a crash to occur, resulting in serious injury or death.

17. This specific Motorcycle was manufactured and assembled by Defendants at its manufacturing and assembly facility in York, Pennsylvania.

18. During the early afternoon hours of April 2, 2018, Plaintiff was operating a 1999 Electra Glide Classic motorcycle ("Motorcycle"), owned by and registered to William Allen Rouse, Plaintiff's father.

19. Plaintiff was traveling east on Sweet Gum Church Road (SR 1519) near Greenville, North Carolina; he was on his way to the family's horse barn located just a short distance away on Oakley Road to feed his family's horses.

20. As Plaintiff was negotiating a curve, he started to experience the Harley Davidson Wobble.

21. Plaintiff was unable to re-gain control of the motorcycle once the Harley-Davidson Wobble began.

22. This caused Plaintiff to travel left of center and ultimately caused him to run off the roadway.

23. Plaintiff was thrown from his motorcycle and slid along the asphalt roadway until he came to rest on the left side of Sweet Gum Church Road (SR 1519), severely injured and barely conscious.

24. Plaintiff's motorcycle continued to slide along the roadway until it reached the grassy shoulder across the road where it struck the ditch and flipped, finally coming to rest on the right shoulder of Sweet Gum Church Road (SR 1519).

25. As a result of the wobble induced collision, Plaintiff suffered painful, disabling, and permanent injuries, scarring and disfigurement, all as hereinafter are more particularly described.

26. As a result of the recklessness, carelessness, and negligence of the Defendants, Plaintiff suffered painful and disabling injuries, including but not limited to

     a.  Left side Clavicle fracture;

     b.  Left side Scapula fracture;

     c.  Multiple, left side, compound rib fractures (ribs 3 – 8);

     d.  Nasal fracture;

     e.  Pneumothorax – left side;

     f.   Lacerated pancreas;

     g.  Splenic laceration;

     h.  Blunt force trauma to the heart;

     i.  Pulmonary contusion; and,

     j.  Serious abrasions/road burns to his face, left shoulder and knees

27. As a result of the aforesaid injuries, and the natural consequences thereof, Plaintiff, as of the time of the filing of this Complaint, has required treatment from, and may require future treatment for the aforesaid injuries and the natural consequences thereof.

28. All of the treatment for Plaintiff's injuries and the natural consequences thereof, has been deemed reasonable and necessary.

29. As a result of the aforesaid injuries, and the natural consequences thereof, Plaintiff has sustained a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period of time into the future.

30. As a result of the aforesaid injuries, and the natural consequences thereof, Plaintiff has sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

31. As a result of the aforesaid injuries, and the natural consequences thereof, Plaintiff has suffered physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

32. As a result of the aforesaid injuries, and the natural consequences thereof, Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

33. As a result of the aforesaid injuries, and the natural consequences thereof, Plaintiff has sustained an impairment of his earning capacity/potential.

34. At all relevant times hereto, Plaintiff acted in a safe, proper, and reasonable manner and in no way contributed to his injuries or damages.

## COUNT I
## STRICT LIABILITY
## WILLIAM "ALEX" ROUSE v. DEFENDANTS

35. The preceding paragraphs are incorporated herein by reference as though fully set forth.

36. Upon information and belief, the Harley-Davidson Wobble event/collision on April 2, 2018, wherein Plaintiff was injured, was caused by the defective nature of the Motorcycle.

37. This defect existed at the time the vehicle left Defendants' care, custody, and control, and rendered Plaintiff's Motorcycle unreasonably dangerous for its intended use.

38. As a result of the defective nature of the Motorcycle, Defendant is strictly liable to Plaintiff pursuant to § 402A Restatement (Second) of Torts for the following reasons:

    a. Failing to properly and adequately design the Motorcycle;

    b. Failing to properly and adequately manufacture the Motorcycle;

    c. Failing to warn Plaintiff of the dangerous nature of the Motorcycle;

d.  Other defects as may become evident through the course of discovery or trial.

39. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff, William "Alex" Rouse, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from Defendants under the applicable statutes and the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT II
## NEGLIGENCE / RECKLESSNESS
## WILLIAM "ALEX" ROUSE v. DEFENDANTS

40. The preceding paragraphs are incorporated herein by reference as though fully set forth.

41. As designers, developers, testers, manufactures, suppliers, promoters, marketers and sellers of the Motorcycle, Defendants knew and/or should have taken into account, their motorcycle could be sold, loaned, leased or transferred in some other way to a party other than the first user and/or purchaser.

42. As designers, developers, testers, manufactures, suppliers, promoters, marketers and sellers of the Motorcycle, the Defendants owed to all persons whom said Defendants' motorcycle products might foreseeably harm,

including Plaintiff, and the general public, a duty to exercise due care not to promote, market and sell any product which is unreasonably dangerous for its intended and foreseeable uses.

43. At all times relevant hereto, Defendants know or reasonably should have known that:

a. The motorcycle in question had a tendency to become unstable due to front wheel wobbling;

b. The manufacturer's recommended course of action to release one's grip of the handlebars and cease steering the Motorcycle is virtually impossible and inherently dangerous on a public roadway; and

c. An unstable motorcycle traveling on a public roadway is a danger to life and property.

44. Defendants have negligently breached their duty of due care to plaintiff by:

a. Manufacturing and marketing motorcycles to the public that become unstable due to front wheel wobbling at speeds which the motorcycles are routinely operated;

b. Marketing, touting, and otherwise promoting the Motorcycle as suitable for public use without disclosing the truth about the potential hazards posed by the use of the Motorcycle;

c.  Failing to properly warn the general public, including Plaintiff, about the risks posed by the operation of the Motorcycle on public roadways;

d.  Failing to provide adequate warnings concerning any of the facts alleged herein by Plaintiff and the general public.

e.  Failing to discover the defect in the Motorcycle when Defendants knew or should have known such a defect existed;

f.  Failing to take steps necessary to repair the Motorcycle;

g.  Failing to properly test the Motorcycle;

h.  implementing an unsafe design;

i.  failing to adopt safer, practical, feasible and otherwise reasonable alternative designs that could have been reasonably adopted and that would have prevented or substantially reduced the risk of harm to Plaintiff and others without substantially impairing the usefulness, practicality or desirability of the Motorcycle;

j.  Consciously choosing to disregard the known and unjustifiable risk that this Motorcycle posed to the public at large, including Plaintiff; and

k.  such other negligence which may be discovered at a later date

45. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff, William "Alex" Rouse, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from Defendants under the applicable statutes and the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT III
## GROSS NEGLIGENCE/RECKLESSNESS
## WILLIAM "ALEX" ROUSE v. DEFENDANTS

46. The preceding paragraphs are incorporated herein by reference as though fully set forth.

47. The Defendants' actions and omissions constitute willful and wanton conduct and gross negligence. The actions and omissions, hereinbefore alleged of these Defendants' manufacture, sale and distribution of the defectively designed Motorcycle with inadequate warnings was for their own pecuniary gain and demonstrates a conscious indifference and recklessness with regard to the rights and safety of Plaintiff and other foreseeable users that the Motorcycle might be sold, loaned, leased, or transferred to in some other way.

48. Upon information and belief; the Defendants' own records and publications document the risks posed by the Harley-Davidson Wobble, which, when

combined with these Defendants' knowledge of the intended use, comprised an extreme and unlawful degree of risk to Plaintiff and others. The Defendants' failure to adequately and properly warn Plaintiff and others, directly and proximately caused and/or contributed to Plaintiff's injuries and damages.

49. Although Defendants were acutely aware of the risks involved with their willful and reckless conduct regarding the Motorcycle, they proceeded as outlined herein with conscious indifference to the rights, safety and welfare of Plaintiff and others. Despite acute awareness by these Defendants of the harm that the Motorcycle would create and has created, these Defendants have not changed their practices and still have not provided any recall, repair, redesign or even adequate warnings concerning the real and present danger of this type of motorcycle.

50. The gross negligence and willful and wanton conduct of the Defendants was the proximate cause of Plaintiff's injuries and the resulting damages to the Plaintiff as alleged herein.

51. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff, William "Alex" Rouse, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive

damages from the Defendants under the applicable statutes and the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT IV
## UNFAIR AND DECEPTIVE TRADE PRACTICES
## WILLIAM "ALEX" ROUSE v. DEFENDANTS

52. The preceding paragraphs are incorporated herein by reference as though fully set forth.

53. The Defendants are, and at all times relevant herein were, engaged in the business of providing motorcycles to consumers, and, at all times alleged herein, conducted business in or affecting commerce in the Commonwealth of Pennsylvania.

54. The Defendants engaged in materially deceptive and misleading acts and practices in the promotion, distribution, marketing and selling of motorcycles to consumers as herein alleged, including but not limited to:

   a. overstating the capabilities of the Motorcycle for use by the general public while neglecting to mention or understating its actual and inherent dangers if used on public roadways;

   b. leading the public to believe that the Motorcycle was safe to use as a motorcycle; and,

   c. concealing the true limitations of the Motorcycle in order to maximize the Defendants' profits.

55. The Defendants' materially deceptive and misleading practices proximately caused the injuries suffered by Plaintiff. The acts and omissions were unfair and deceptive under 73 P.S. § 201-1, et seq.

56. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff, William "ALEX" Rouse, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including, punitive damages, treble damages, and attorneys' fees, from the Defendants under the applicable statutes and the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

**COUNT V**
**FRAUD**
**<u>WILLIAM "ALEX" ROUSE v. DEFENDANTS</u>**

57. The preceding paragraphs are incorporated herein by reference as though fully set forth.

58. The Defendants knowingly concealed material facts about the defective Motorcycle. Without limitation, the Defendants concealed material facts relating to the Motorcycle's suitability for use, and the risks that the Motorcycle posed to Plaintiff and others when operating on public roadways. The Defendants failed to disclose the risks that the Motorcycle posed to Plaintiff and others when they had superior knowledge to that of

Plaintiff and the general public. Despite such knowledge and a duty to disclose, these Defendants concealed the risks posed by the Motorcycle by failing to provide adequate warnings to all potential and foreseeable users.

59. In addition to remaining silent when they had a duty to speak, the Defendants made positive assertions regarding the Motorcycle which were false, misleading and reckless as to the safety of the Motorcycle for use as a motorcycle as hereinabove alleged and as may be shown at trial.

60. As hereinabove alleged and as may be shown at trial, these Defendants had and have a duty to Plaintiff and the general public and public officials, of the true nature of the risks posed by the Motorcycle.

61. By concealing the defective nature of the Motorcycle, the Defendants intended Plaintiff and the general public to accept and use the Motorcycle and to leave Plaintiff and the general public unsuspecting and unprepared for the foreseeable damage to be occasioned by the use of the Motorcycle on public roads.  Defendants intended that Plaintiff and the general public to rely and act upon their false, misleading and reckless acts and omissions.

62. The Defendants' fraudulent conduct was reasonably relied upon by Plaintiff and the general public.

63. The Defendants acts and omissions were fraudulent in that their conduct and constitutes intentional misrepresentations and concealment of material

facts for the purpose of unlawfully promoting the Motorcycle as safe for public use and thereby maximizing their profits to the detriment of Plaintiff and others.

64. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff, William "Alex" Rouse, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendants under the applicable statutes and the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT VI
## BREACH OF WARRANTY EXPRESS AND IMPLIED
## WILLIAM "ALEX" ROUSE v. DEFENDANTS

65. The preceding paragraphs are incorporated herein by reference as though fully set forth.

66. Defendants expressly warranted that the Motorcycle was suitable and safe for use.

67. Defendants knew that the Motorcycle would be used on public roadways and therefore an implied warranty arose by operation of law that the Motorcycle was suitable and safe for use.

68. Defendants expressly and impliedly warranted to Plaintiff that the Motorcycle which was developed, designed, tested, manufactured,

promoted, marketed, distributed, and sold to Plaintiff was merchantable, fit, and safe for use and effective for its intended use.

69. By operation of law Defendants warranted that the Motorcycle was suitable for use on public roadways.

70. The Motorcycle purchased by Plaintiff's father and used by Plaintiff was unsafe, unmerchantable, and unfit for human implantation and was otherwise injurious to Plaintiff.

71. Defendants were aware that Plaintiff was relying on Defendants' skill and judgment to design, manufacture, distribute, and sell a Motorcycle that was safe and effective for its intended use.

72. Defendants breached the implied warranties of merchantability of the Motorcycle to Plaintiff because the Motorcycle was not fit for its ordinary and intended purpose.

73. Defendants breached the above-described expressed and implied warranties.

74. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff, William "Alex" Rouse, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendants under the applicable statutes and the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

By:  *s/ Michael J. O'Neill*
Michael J. O'Neill, ESQUIRE
Pa. Bar ID# 82191
183 Market Street, Suite 200
Kingston, PA  18704
570-714-4878

DATE: April 1, 2020

**ATTORNEY VERIFICATION**

I, Michael J. O'Neill, Esquire, attorney for Plaintiff, William "Alex" Rouse, hereby certify that I have reviewed the facts contained in the forgoing Complaint are true and correct to the best of my knowledge, information and belief. I make this statement subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: 04/01/2020                             s/ Michael J. O'Neill
                                             MICHAEL J. O'NEILL, ESQ.